IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| TERRELL ROGERS | § | |
| v. | § | CIVIL ACTION NO. 5:22cv1 |
| BOWIE COUNTY CORRECTIONAL CENTER, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Terrell Rogers, an inmate of the Bowie County Correctional Center proceeding *pro se*, filed this civil action complaining of alleged deprivations of his constitutional rights. The case has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The Correctional Center is the sole named Defendant.

**I. The Plaintiff's Complaint**

Plaintiff was ordered to pay an initial partial filing fee of $14.00 and to file an amended complaint setting out a short and plain statement of his claims, but has not complied with these orders. Nor has he contacted the Court in any way since filing his complaint on January 5, 2022. Consequently, he has failed to prosecute his lawsuit, and the case may be dismissed on that basis. *See Wheatley v. Scott*, civil action no. 1:12cv317, 2018 U.S. Dist. LEXIS 114271 (E.D.Tex. 2018), *Report adopted at* 2018 U.S. Dist. LEXIS 114077 (E.D.Tex. 2018) (lawsuit dismissed for failure to prosecute after the plaintiff did not contact the Court for some two years); *Callier v. Cain*, civil action no. 3:11cv2144, 2012 U.S. Dist. LEXIS 93830 (W.D.La. 2012), *Report adopted at* 2012 U.S. Dist. LEXIS 93835 (W.D.La. 2012) (stating that "indeed, the evidence suggests that he no longer

wishes to pursue this matter since he has not contacted the court since he submitted his *in forma pauperis* application on January 25, 2012, some four months ago").

## II. Discussion

In addition, Plaintiff's lawsuit suffers from another flaw. The sole named Defendant in the case is the Bowie County Correctional Center, which is a sub-unit of Bowie County and has no separate legal existence apart from the county. *Rowe v. Bowie County Correctional Center*, civil action no. 5:13cv78, 2013 U.S. Dist. LEXIS 151165 (E.D.Tex. 2013). As such, the Bowie County Correctional Center cannot be sued in its own name. *Darby v. Pasadena Police Department*, 939 F.2d 311, 313 (5th Cir. 1991). Plaintiff does not allege, much less show, that the true political entity, Bowie County, has taken explicit steps to grant the Correctional Center jural authority, meaning that the Correctional Center cannot engage in any litigation except in concert with the county itself. *Id.*; *see also Barrie v. Nueces County District Attorney's Office*, 753 F.App'x 260, 2018 U.S. Dist. App. LEXIS 29214 (5th Cir. 2018); *Goodnight v. Rains County Sheriff's Department*, civil action no. 6:13cv96, 2013 U.S. Dist. LEXIS 80946 (E.D.Tex. 2013). Because the Bowie County Correctional Center, the sole named Defendant, has no separate jural existence and is not a suable entity, Plaintiff has failed to state a claim upon which relief may be granted against it.

## III. Conclusion

28 U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees and identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim that is plausible on its face and thus does not raise a right to relief above the speculative level. *Montoya v. FedEx Ground Packaging System Inc.*, 614 F.3d 145, 149 (5th Cir. 2010), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct.

1955, 167 L.Ed.2d 929 (2007). A claim has factual plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). This plausibility standard is not akin to a probability requirement, but asks for more than a possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556. *Pro se* plaintiffs are held to a more lenient standard than are lawyers when analyzing a complaint, but *pro se* plaintiffs must still plead factual allegations which raise the right to relief above the speculative level. *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

In this case, Plaintiff sues only the Bowie County Correctional Center, a non-jural entity lacking the capacity to be sued. Consequently, he has failed to state a claim upon which relief may be granted. The incidents in the complaint were on-going at the time Plaintiff signed his complaint in December of 2021, giving him ample time in which to re-file, should he choose to do so, within the two-year statute of limitations.

## RECOMMENDATION

It is accordingly recommended that the above-styled civil action be dismissed without prejudice for failure to state a claim upon which relief may be granted and for failure to prosecute.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or

general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 2nd day of May, 2023.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE