IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| TERRELL ROGERS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BOWIE COUNTY CORRECTIONAL CENTER,<br><br>　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§   CIVIL ACTION NO. 5:22-CV-01-RWS-JBB<br>§<br>§<br>§<br>§ |

**ORDER**

　　Before the Court is Plaintiff Terrell Rogers's complaint against Defendant Bowie County Correctional Center. Docket No. 1. Plaintiff, proceeding *pro se*, filed this action complaining of alleged violations of his constitutional rights. *Id.* The case was referred to United States Magistrate Judge Boone Baxter in accordance with 28 U.S.C. § 636. The Magistrate Judge issued a Report recommending that Plaintiff's complaint be dismissed for failure to prosecute and failure to state a claim upon which relief may be granted. Docket No. 7.

　　The Magistrate Judge ordered Plaintiff to pay an initial partial filing fee of $14.00 and file an amended complaint. Docket Nos. 4, 5. Plaintiff acknowledged receipt of the Magistrate Judge's orders (Docket No. 6) but failed to comply. Accordingly, the Magistrate Judge issued a Report recommending dismissal of the lawsuit. Docket No. 7. The Magistrate Judge noted that Plaintiff had failed to prosecute his case or comply with court orders, and that Plaintiff had not contacted the court since filing his lawsuit in January of 2022. *Id.* The Magistrate Judge also recommended that Plaintiff failed to state a claim upon which relief may be granted because the sole named Defendant, the Bowie County Correctional Center, has no separate jural existence and cannot be

sued in its own name. *Id.*

A copy of the Report was sent to Plaintiff at his last known address but was returned as undeliverable. Docket No. 8. To date, Plaintiff has not advised the Court of his current mailing address. The complaint form which Plaintiff signed contains a declaration saying "I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit." Docket No. 1 at 5. Accordingly, Plaintiff has failed to prosecute his lawsuit by not advising the Court of his current mailing address.

Because no objections have been received, Plaintiff is barred from *de novo* review by the District Judge of the Magistrate Judge's proposed findings, conclusions and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. *See Duarte v. City of Lewisville, Texas*, 858 F.3d 348, 352 (5th Cir. 2017); *Arriaga v. Laxminarayan*, Case No. 4:21-CV-00203-RAS, 2021 WL 3287683, at *1 (E.D. Tex. July 31, 2021).

The Court has reviewed the pleadings in this case and the Report of the Magistrate Judge. Upon such review, the Court has determined the Report of the Magistrate Judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law"). Accordingly, it is

**ORDERED** that the Report of the Magistrate Judge (Docket No. 7) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-captioned action **is DISMISSED WITHOUT PREJUDICE** for failure to prosecute and failure to state a claim upon which relief may be granted. It is further

**ORDERED** that any pending motions in this action be **DENIED-AS-MOOT**.

**So ORDERED and SIGNED this 31st day of October, 2023.**

          *Robert W. Schroeder III*
          ROBERT W. SCHROEDER III
          UNITED STATES DISTRICT JUDGE